UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21- 01131 |
| | ) |
| $49,000.00 IN UNITED STATES | ) |
| CURRENCY, More or less, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Duston J. Slinkard, Acting

United States Attorney for the District of Kansas, and Scott Anderson, Special Assistant United

States Attorney, brings this complaint and alleges as follows in accordance with Supplemental

Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property: $49,000.00 in U.S. Currency, more or less (hereinafter

"defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2.      The defendant property consists of: $49,000.00 in United States currency, more or

less, that was seized by the Kansas Highway Patrol on or about February 23, 2021 during a

traffic stop of a 2020 Hyundai Elantra on I-70 near milepost 180 in Russell County, in the

District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4.     This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6.     The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7.     Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.* Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A, which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney

_____

SCOTT L. ANDERSON
Special Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: sanderson2@usdoj.gov
Ks. S. Ct. No. 26095

3

## DECLARATION

I, Shawn Herrman, Task Force Officer, Drug Enforcement Administration in the District

of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit

thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _14_ day of _May_____, 20_21_.

TFO Shawn Herrman
DEA

4

**AFFIDAVIT**

I, Shawn Herrman, being first duly sworn, depose and states:

1.  TFO Herrman has been employed with the Kansas Highway Patrol (KHP) since January 2012 and has been cross designated as a DEA Task Force Officer since June 2017. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and forfeitures thereto.

2.  The information contained in this report is known to Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This report is submitted in support of federal forfeiture.

3.  On February 23, 2021, Kansas Highway Patrol Technical Trooper James McCord stopped for a traffic violation a rented 2020 Hyundai Elantra on westbound I-70 near milepost 180, in Russell County, in the District of Kansas. The driver and sole occupant was identified as Adam DAVIS.

4. A certified narcotics canine gave a positive indication to the odor(s) of illegal narcotic(s) in or about the vehicle.

5. During the event, a search of the vehicle led to the discovery of $49,000.00 in U.S. Currency and a vacuum sealed package containing approximately (147) grams of suspected psilocybin mushrooms. The U.S. currency was comprised of (5) bundles, three of which were vacuum sealed. One of the vacuum sealed packages was marked with (10 to) and the second part the Affiant was unable to make out the lettering.

6. During a post-Miranda interview, DAVIS was asked why the money was vacuum sealed and DAVIS advised he knows police seize money and he did not want the canine to smell it.

7.  Later, at another location, a certified narcotics detection canine gave a positive indication to the odor(s) of illegal narcotic(s) emitting from the U.S. currency.

8.  Based on the information set out above, the Affiant has probable cause to believe that the $49,000.00 in U.S. currency seized by the Kansas Highway Patrol constitutes money, or other things of value furnished, or intended to be furnished, in exchange for a controlled substance or proceeds traceable to

such an exchange, or was used, or intended to be used, to
facilitate one or more violations of Title 21, U.S.C. § 841
et.seq. Accordingly, the property is subject to forfeiture
pursuant to Title 21, U.S.C. §§ 853 and 881.

_____

Shawn Herrman, TFO
DEA


Sworn to and subscribed before me this _14th_ day of ___May___ 202_1_.

_____

Notary Public

My Commission Expires:

JASON R. WILKINS
Notary Public - State of Kansas
My Appt. Expires _07- 28-2022_